**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* | ) | |
| **v.** | ) | **CASE NO. CR-25-12-JFH** |
| **LESHON EUGENE JOHNSON,** *Defendant.* | ) | |

**RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The Government submits the following response to the Defendant's Sentencing Memorandum:

***Obstruction of Justice and Total Offense Level***

Throughout his Sentencing Memorandum, the Defendant wrongly asserts that the Presentence Investigation Report (PSR) declined to impose an enhancement for Obstruction of Justice and that his total Offense Level was therefore 14. Both assertions are wrong. In the Final PSR, the defendant is assessed a 2-level enhancement for Obstruction of Justice, *see* PSR at para. 28, and his total Offense Level is calculated as 16. *Id.* at para. 41.

***Aggravating Role***

The Defendant should receive a four-level enhancement under U.S.S.G. § 3B1.1(a). Although the defendant argues in his Sentencing Memorandum that "[t]he record does not establish five or more criminally responsible participants directed by Mr. Johnson," Docket Entry 245 at p. 9, this is not the correct standard. "The government does not have to prove that defendant controlled five or more participants. Instead, it must prove that five persons

participated in the criminal venture, and that Defendant exercised leadership control over at least one person." *United States v. Cruz Camacho*, 137 F.3d 1220, 1224 (10th Cir. 1998). Here there is no doubt that the criminal venture included 5 or more participants, given the evidence introduced at trial showing a vast network of buyers, sellers, breeders, and transporters that the Defendant interacted with on a daily basis. *See, e.g.,* Gov't Trial Exh. No. 218 (CashApp Records).

The evidence demonstrates that the Defendant exercised leadership authority over at least one other participant. For instance, the testimony and documentary evidence established that Johnson routinely hired transporters to ship the dogs he had sold as part of his animal fighting venture. According to the PSR, Anthony Hanks testified that "when the defendant bought and/or sold dogs for breeding purposes, the defendant would use 'transporters' to receive and/or transport the dogs." *See* PSR at para. 21. This is corroborated by the CashApp transactions, which show the Defendant transferring money for "Transport," "shipping," "dog / transport" and similar expenses numerous times. These facts, when combined with the Defendant's extensive dog fighting business and his elevated role within the dogfighting community demonstrate that he should receive an enhancement under U.S.S.G. § 3B1.1(a).

***Zero-Point Offender***

Even if Defendant Johnson does not receive a role enhancement under USSG §3B1.1, he does not qualify for the Zero-Point Offender (ZPO) adjustment because his offense "result[ed] in death or serious bodily injury." USSG § 4C1.1(a)(4). Specifically, Johnson's offenses resulted in death and serious bodily injury to the hundreds of dogs that were injured and killed as part of his animal fighting venture.

Given the relative recency of the ZPO's ratification, and the relative rarity of dog fighting

cases, this issue does not appear to have been previously discussed in a written opinion. In the absence of precedent, guidance, or relevant application notes, this inquiry is a matter of statutory interpretation. *See United States v. Robertson,* 350 F.3d 1109, 1112 (10th Cir. 2003) ("We interpret the Sentencing Guidelines according to accepted rules of statutory construction") (*quotation marks omitted*). Here, the traditional rules of statutory interpretation compel the conclusion that violence and death to animals disqualifies a defendant from receiving a ZPO adjustment.

First, in analyzing the reach of USSG § 4C1.1, all relevant conduct is to be considered. *Witte v. United States*, 515 U.S. 389, 393 (1995) ("Under the Sentencing Guidelines, the sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction."). The relevant conduct here includes all of the fights that were the purpose behind the defendant's animal fighting venture. These fights necessarily involved death and serious bodily injury.

Next, courts look to the plain language of the Guidelines at issue. *United States v. Dozier,* 555 F.3d 1136, 1139 (10th Cir. 2009); *United States v. Goldbaum*, 879 F.2d 811, 813 (10th Cir. 1989) (Courts are to "follow the clear, unambiguous language [of the Sentencing Guidelines] if there is no manifestation of a contrary intent."). The plain language of USSG § 4C1.1 contains no species limitation.

Neither is there any indication that the Sentencing Commission did not intend this result: to the contrary the Commission has shown that it will specify a species when it intends such a limitation. For instance, the safety valve provision of USSG § 5C1.2(a) is similar to § 4C1.1, yet it includes a specific species limitation. USSG § 5C1.2(a), provides a list of five eligibility

criteria, three of which mirror the eligibility criteria associated with the ZPO. *Compare* § 4C1.1(a)(3), (7) with § 5C1.2(a)(2); *compare* § 4C1.1(a)(10) with § 5C1.2(a)(4). Unlike the ZPO eligibility criterion quoted above, the safety valve eligibility criterion states: "the offense did not result in death or serious bodily injury *to any person*" (emphasis added). The fact that the guidelines explicitly identify a species in that section and notably exclude a species in an almost-identical, subsequently-drafted section resolves the inquiry. "When Congress includes particular language in one section of a statute but omits it from a neighbor, we normally understand that difference in language to convey a difference in meaning (*expressio unius est exclusio alterius*)." *Bittner v. United States*, 143 S. Ct. 713, 720 (2023).

Consequently, the death and bodily injury of the dogs that were bred and sold by the Defendant for this express purpose disqualifies him from receiving a ZPO reduction.

**ADAM C. CULLMAN**
U.S. Department of Justice
221 E. 4th St. Suite 400
Cincinnati OH 45202
Telephone No.: 513-684-6824
Bar No.: Kentucky Bar #93912
Email Address: adam.cullman@usdoj.gov

ADAM R.F. GUSTAFSON
ASSISTANT ATTORNEY GENERAL

______________________
Adam C. Cullman
Sr. Trial Attorney
United States Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August 2026, a copy of the foregoing notice was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

__________________________
Adam C. Cullman
Sr. Trial Attorney
United States Department of Justice